GIACINTO NATALIA *vs.* UNITED ELECTRIC RAILWAYS CO.

MARCH 21, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is a petition based upon the Workmen's Compensation Act. The cause is here on respondent's appeal from a decree of the Superior Court awarding petitioner compensation for injuries arising out of and during the course of his employment.

In his rescript the trial justice states as follows: "The petitioner, while working for the defendant company and lifting a heavy log, slipped and felt a severe pain in his left groin. He immediately stopped work, went to a physician, and found that he was ruptured. He was operated upon. The respondent claims through its physician that petitioner's condition was due to a previous rupture. Petitioner, however, had been working for the defendant company for

fifteen years, doing heavy work, and if he had any rupture he was unaware of the fact. There may be some reason in the defendant's position although it is not clear. At any rate, we believe that the condition which necessitated an operation was due to the accident."

The respondent contends that the evidence was insufficient to warrant the finding of said justice.

It is provided in § 1243, G. L. 1923, that a decree shall be entered on the decision of the trial justice and that "such decree shall contain findings of fact, which, in the absence of fraud, shall be conclusive."

The main issue was whether the hernia was caused at the time the petitioner slipped while lifting a heavy log. The respondent's physician was of the opinion that the hernia had been of long duration. The petitioner's doctor testified that it was his belief that it was of recent origin and could have been caused as the petitioner contends. It is apparent that he suffered pain immediately after he slipped. According to his testimony he had no suspicion up to the time of the accident that he had a hernia.

In *Jillson* v. *Ross*, 38 R. I. at 150, this court said: "If in support of an issue there is any evidence which might satisfy a rational mind, then there is legal evidence supporting such issue. The questions as to the sufficiency of such legal evidence, and where lies the fair preponderance of the evidence on such issue, are questions of fact and not of law."

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Roger L. McCarthy*, for petitioner.
*Clifford Whipple, Frank J. Magee*, for respondent.